1  SEYFARTH SHAW LLP
   Eric M. Lloyd (SBN 254390)
2  elloyd@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:     (415) 397-2823
4  Facsimile:     (415) 397-8549

5  SEYFARTH SHAW LLP
   Frederick T. Smith *(to be admitted pro hac vice)*
6  fsmith@seyfarth.com
   Esther Slater McDonald *(to be admitted pro hac vice)*
7  emcdonald@seyfarth.com
   1075 Peachtree Street, N.E., Suite 2500
8  Atlanta, Georgia 30309-3958
   Telephone:     (404) 885-1500
9  Facsimile:     (404) 892-7056

10  Attorneys for Defendant
    FIRST ADVANTAGE BACKGROUND
11  SERVICES CORP.

12

13

14                        UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16

17  JANE ROE,                                  **DEFENDANT FIRST ADVANTAGE
                                               BACKGROUND SERVICES CORP.'S
                    Plaintiff,                 NOTICE OF REMOVAL**
18
                                               REMOVED FROM THE SUPERIOR COURT
19          v.                                 OF CALIFORNIA, COUNTY OF ALAMEDA

20  FIRST ADVANTAGE BACKGROUND                 CASE NO. RG17885454
    SERVICES CORP., and DOES 1-10,
21
                    Defendants.
22

23          TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

24  CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

25          PLEASE TAKE NOTICE that Defendant FIRST ADVANTAGE BACKGROUND SERVICES

26  CORP. hereby removes the above-referenced action from the Superior Court of the State of California,

27  County of Alameda, to the United States District Court for the Northern District of California pursuant

28

to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, First Advantage states the following:

## BACKGROUND

1.      On December 11, 2017, Plaintiff filed her Complaint and Civil Case Cover Sheet in the Superior Court for the State of California, County of Alameda, titled *Jane Roe v. First Advantage Background Services Corp. and Does 1-10*, Case No. RG17885454.  In her Complaint, Plaintiff alleges that First Advantage and Does 1-10 violated the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 *et seq.*; the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786 *et seq.*; and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, by furnishing a background report to her prospective employer that erroneously included convictions that did not belong to her.

2.      The Summons and Complaint are attached as Exhibit A to the Declaration of Eric M. Lloyd ("Lloyd Declaration.").

3.      The Civil Case Cover Sheet is attached as Exhibit B to the Lloyd Declaration.

4.      On December 12, 2017, the Superior Court issued a Notice of Assignment of Judge for All Purposes.  A copy of the Notice of Assignment of Judge for All Purposes is attached as Exhibit C to the Lloyd Declaration.

5.      On December 13, 2017, the Superior Court issued a Notice of Case Management Conference and Order.  The case management conference is scheduled for April 25, 2018 in Superior Court.  A copy of the Notice of Case Management Conference and Order is attached as Exhibit D to the Lloyd Declaration.

6.      Defendant acknowledged receipt of service on February 7, 2018.  A copy of the signed Notice and Acknowledgement of Receipt is attached as Exhibit E to the Lloyd Declaration.

7.      Exhibits A through E constitute all pleadings, process, and orders filed in this action.

## TIMELINESS OF REMOVAL

8.      The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty days of service of the Complaint upon First Advantage.  *See* 28 U.S.C. § 1446(b).

DEFENDANT'S NOTICE OF REMOVAL

**DIVERSITY JURISDICTION**

9.     This action is removable under 28 U.S.C. § 1441 because it is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

10.    Upon information and belief and according to the allegations in the Complaint, Plaintiff is a citizen of the State of California.  (Compl. ¶ 1.)

11.    For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332  (c)(1)).  As Plaintiff implicitly acknowledges, First Advantage is not a California citizen.  (*Id.* ¶ 2.)  First Advantage is incorporated in Florida and has its principal place of business in Atlanta, Georgia.  Attached as Exhibit F to the Lloyd Declaration is a copy of the California Department of State's "Entity Detail" report on First Advantage and the associated State of Information filed by First Advantage in the office of the Secretary of State of the State of California on May 28, 2017, listing First Advantage's state of incorporation and principal place of business.[1]

12.     While First Advantage denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).  As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims

---

[1] The report, which is available at https://businesssearch.sos.ca.gov, includes corporate filings made by First Advantage in the State of California that confirm the information in the report.

DEFENDANT'S NOTICE OF REMOVAL

for statutory attorneys' fees are included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

13.     For Count I under the ICRAA, Plaintiff seeks the greater of her alleged actual damages or statutory damages of $10,000; punitive damages; and attorneys' fees and costs.  (Compl. ¶ 32.)  *See also* Cal. Civ. Code § 1786.50 (permitting recovery of actual damages or $10,000, whichever sum is greater, punitive damages, and attorneys' fees and costs).

14.     For Count II under the CCRAA, Plaintiff seeks injunctive relief and attorneys' fees and costs.  (Compl. ¶ 36.)  *See also* Cal. Civ. Code § 1785.31 (permitting recovery of actual damages, including loss of wages, pain and suffering, court costs, and attorneys' fees, as well as punitive damages up to $5,000 for each violation).

15.     For Count III under the ICRAA, Plaintiff seeks the greater of her alleged actual damages or statutory damages of $10,000; punitive damages; and attorneys' fees and costs.  (Compl. ¶ 41.)  *See also* Cal. Civ. Code § 1786.50.

16.     For Count IV under the CCRAA, Plaintiff seeks injunctive relief and attorneys' fees and costs. (Compl. ¶ 46.)  *See also* Cal. Civ. Code § 1785.31.

17.     For Count V under the UCL, Plaintiff seeks injunctive relief and attorneys' fees and costs.  (Compl. ¶ 51.)  *See also* Cal. Bus. & Prof. Code § 17203 (permitting injunctive relief).

18.     Based on these allegations, Plaintiff's alleged actual damages, statutory damages, punitive damages, and attorneys' fees and costs for the four counts asserted in the Complaint are likely to exceed $75,000.

19.     In cases involving similar claims for inaccurate reporting under federal law,[2] jury awards for non-economic and punitive damages often exceed $100,000 in the aggregate.  *See, e.g., Cortez v. Trans Union, LLC*, 617 F.3d 688, 724 (3d Cir. 2010) (affirming $50,000 non-economic damages award and $100,000 punitive damages award for violations, including inaccurate reporting, of the Fair Credit

---

[2] *See, e.g., Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the Federal Fair Credit Reporting Act.'") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 (2003)); *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1137 (N.D. Cal. 2017) (referring to the FCRA as ICRAA's "federal counterpart").

DEFENDANT'S NOTICE OF REMOVAL

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA")); *Saunders v. BB&T Co. of Va.*, 526 F.3d 142, 154 (4th Cir. 2008) (affirming $1,000 statutory damages award and $80,000 punitive damages award for FCRA violations including misleading reporting); *Sloane v. Equifax Info. Servs.*, LLC, 510 F.3d 495, 504-05 (4th Cir. 2007) (collecting cases on non-economic damages awards in FCRA cases and remitting non-economic damages award to $150,000 where the plaintiff claimed emotional distress but presented "almost no evidence" that the FCRA violations harmed her reputation); *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 359 (6th Cir. 2005) (affirming $400,000 award for "emotional pain and suffering, humiliation, lost credit opportunities and damage to her reputation for creditworthiness" for FCRA violations including inaccurate reporting); *Kim v. BMW Fin. Servs. N.A. L.L.C.*, 142 F. Supp. 3d 935, 940 (C.D. Cal. 2015), *aff'd* 702 F. App'x 561 (9th Cir. 2017) (affirming award of $250,000 in non-economic damages for plaintiff's reputational injuries resulting from defendant's FCRA violation); *Miller v. Equifax Info. Servs., LLC.*, No. 3:11-CV-01231-BR, 2014 WL 2123560, at *1 (D. Or. May 20, 2014) (remitting punitive damages award to $1,620,000 where jury awarded $180,000 in non-economic damages for FCRA violations including inaccurate reporting); *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1262 (N.D. Ala. 2011) (affirming $100,000 non-economic damages award and $623,180 punitive damages award for FCRA violation).

20.     The attorneys' fees and costs alone often exceed $100,000 in cases involving similar claims brought under federal and state laws. *See, e.g.*, *Kim*, 2015 WL 12734013, at *11 (C.D. Cal. Nov. 12, 2015) (awarding plaintiff $280,934.90 in attorneys' fees following a favorable verdict on his FCRA and California state-law claims); *Valentine v. Equifax Info. Servs., LLC,* No. 3:05-cv-00801-JO (D. Or. Feb. 25, 2008) (awarding plaintiff $117,096.80 in attorneys' fees based on defendant's FCRA violations); *Kirkpatrick v. Equifax Info. Servs., LLC*, No. 3:03-CV-00199-MO, 2005 WL 1231485 (D. Or. Jan, 25, 2005) (awarding plaintiff $195,000 in attorneys' fees and $14,481.12 in costs based on defendant's FCRA violations); *Fisher v. Wells Fargo Home Mortgage,* 23 Nat. J.V.R.A. 8:21, No. RCV074822, 2007 WL 7952170 (San Bernardino Cal. Super. Ct. May 16, 2007) (jury verdict awarding plaintiff $1,048,594.45 for violations of the FCRA and CCRAA, including $765,000 in punitive damages and $283,594.45 in fees in costs).

21.     Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).[3]

## VENUE

22.     Because this action originally was brought in the Superior Court of the State of California, County of Alameda, the action is properly removed to the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).  However, First Advantage denies that the Court has personal jurisdiction over it and thus denies that the Court is the proper venue for Plaintiff's claims.

## INTRADISTRICT ASSIGNMENT

23.     Assignment to the San Francisco or Oakland divisions of this Court is proper under Local Rule 3-2 because Plaintiff filed her Complaint in the Superior Court of the State of California, County of Alameda.  However, First Advantage disputes that the Court is the proper venue for Plaintiff's claims given its jurisdictional objection, as stated above.

## CONSENT

24.     No consent is necessary from the other Defendants, Does 1-10, because they are not named in the Complaint and have not been served.

## NOTICE OF REMOVAL

25.     Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California, County of Alameda.

26.      This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

/ / /

/ / /

/ / /

---

[3] Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER

WHEREFORE, First Advantage prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: March 9, 2018                          Respectfully submitted,

                                              SEYFARTH SHAW LLP


By:   */s/ Eric M. Lloyd*
      Frederick T. Smith *
      Esther Slater McDonald*
      Eric M. Lloyd

      Attorneys for Defendant
      FIRST ADVANTAGE BACKGROUND
      SERVICES CORP.

      *to be admitted *pro hac vice*

DEFENDANT'S NOTICE OF REMOVAL